# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

**IN RE:  ROBERT REEDOM LITIGATION**                              MDL No. 2585

## ORDER DENYING TRANSFER

**Before the Panel**:[*]  Plaintiff Robert Reedom, *pro se*, moves under 28 U.S.C. § 1407 for centralization of two actions he filed in the District of New Jersey and the District of the Virgin Islands, as listed on Schedule A, in an unspecified venue that will provide due process.[1]  Defendants Sabra A. Crappell and State Farm Mutual Automobile Insurance Company oppose the motion.

After considering the arguments of the parties, we deny the motion for centralization. Although these nearly identical actions raise the same factual questions arising from plaintiff's allegations that he suffered injuries in an April 24, 2012, car accident involving defendants Crappell and State Farm Mutual Automobile Insurance Company, there are only two actions at issue, and plaintiff has failed to demonstrate that centralization will serve the convenience of the parties and promote the just and efficient conduct of the litigation.  *See In re Transocean Ltd. Secs. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization.").

The record also indicates that plaintiff misunderstands the centralization process.  His supplemental brief suggests that the Panel itself should resolve his actions. Centralization of these actions before the Panel or a ruling by the Panel on the claims in the case is not authorized under Section 1407.  *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 764 F. Supp. 2d 1352, 1353 n.1 (J.P.M.L. 2011) (same).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

---

[*]  Judge Charles R. Breyer took no part in the decision of this matter.

[1]  Plaintiff's motion lists a third action in the District of Wyoming which was dismissed in September 2014.

-2-

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

**IN RE:  ROBERT REEDOM LITIGATION**                                      MDL No. 2585

**SCHEDULE A**

District of New Jersey

REEDOM v. CRAPPELL, ET AL., C.A. No. 2:14-05674

District of the Virgin Islands

REEDOM v. CRAPPELL, ET AL., C.A. No. 1:13-00095